UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL RAY MILLS, | Case No. 1:20-cv-000498-HBK (PC) |
| Plaintiff, | ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S CONSTRUED MOTION FOR DISCOVERY[1] |
| v. | |
| KEN CLARKE ET AL., | ORDER DIRECTING CLERK OF COURT TO RELABEL TWO FILINGS |
| Defendants. | (Doc. Nos. 14, 21, 24) |

This matter comes before this Court upon initial review of the docket. Plaintiff Darryl Ray Mills ("Plaintiff") is proceeding pro se and *in forma pauperis* in this action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's pleading titled "Response to Order to Show Cause." (Doc. No. 24). In his pleading, Plaintiff asserts his case should not be dismissed for failure to prosecute because he timely filed an amended complaint. (*Id*. at 1). He further requests a discovery hearing. (*Id*. at 1-2).

At no time did the Court issue an Order to Show Cause. A motion's "nomenclature is not controlling." *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983) (quoting *Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

1976)). Instead, we "construe [the motion], however styled, to be the type proper for the relief requested." *Id.*

Because Plaintiff's requested relief in Doc. No. 24 is the setting of a discovery hearing, the Court construes it as a Motion for Discovery. In the interest of judicial economy, however, the Court typically does not begin the discovery process until the operative complaint has been screened, any eligible defendants have been served, and those defendants have answered the complaint. *See Hernandez v. Williams*, No. 2:17-cv-0583 MCE AC P, 2019 WL 5960089 (S.D. Cal. April 27, 2022). Plaintiff's First Amended Complaint has not yet been screened and no Defendants have been served in this action. Plaintiff's request for a discovery hearing is therefore premature. Accordingly, Plaintiff's Motion for Discovery is denied without prejudice.

Further review of the docket reveals the Clerk of Court improperly docketed two other pleadings. On April 8, 2020, Plaintiff filed his initial complaint in this matter. (Doc. No. 1). The Court screened the complaint on April 14, 2020, found that Plaintiff stated no cognizable claims, and gave Plaintiff the option to file an amended complaint. (Doc. No. 8 at 3-4). The Court noted that if Plaintiff chose to file an amended complaint, "a short, concise statement in which the allegations are ordered chronologically will help the court identify his claims." (*Id.* at 3).

On May 19, 2020, Plaintiff filed a document titled "Chronological Events For Court as Requested." (Doc. No. 14). This document was entered into the docket as "First Amended Prisoner Civil Rights Complaint." However, the document is not labeled as a complaint nor formatted as one. On its face the pleading merely provides information that the Court noted might be helpful in preparing an amended complaint. Thus, the chronology document should have been docketed as a miscellaneous filing and not an amended complaint. The Court therefore directs the Clerk of Court to relabel Doc. No. 14 as "Plaintiff's Chronology of Events." The Court will consider the information provided therein to the extent permitted by the applicable rules governing pleadings.

On October 5, 2020, Plaintiff timely filed a First Amended Complaint ("FAC"), which was erroneously docketed as "Second Amended Prisoner Civil Rights Complaint." (Doc. No. 21). The Court will directs the Clerk of Court to relabel Doc. No. 21 as First Amended Prisoner

Civil Rights Complaint. The Court shall issue a separate screening order on Plaintiff's FAC.

Accordingly, it is **ORDERED**:

1. Plaintiff's Construed Motion for Discovery is DENIED without prejudice. (Doc. No. 24)
2. The Clerk of Court shall relabel Doc. No. 14 as "Plaintiff's Chronology of Events."
3. The Clerk of Court shall relabel Doc. No. 21 as "First Amended Prisoner Civil Rights Complaint."

Dated:   March 1, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE